USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS JENRY PILAMUNGA CEPEDA,

                Petitioner,

-against-

LaDEON FRANCIS, et al.,

                Respondents.

25-CV-10756 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On December 29, 2025, a petition for a Writ of Habeas Corpus ("Petition") was filed pursuant to 28 U.S.C. § 2241 on behalf of Luis Jenry Pilamunga Cepeda ("Petitioner"). Dkt. No. 1. The petition alleges that Petitioner was detained and brought to 26 Federal Plaza in Manhattan, New York, on December 29, 2025. On December 30, 2025, the Court issued an Order to Show Cause requiring Respondents to respond to the Petition by January 5, 2026, Petitioner to reply by January 7, 2026, and all parties to appear for a hearing on January 13, 2026. Dkt. No. 3.

On January 5, 2026, Respondents filed a letter stating their position that venue in this District is improper because Petitioner was detained in Delaney Hall Detention Facility in Newark, New Jersey, at the time the Petition was filed. Dkt. No. 6. Petitioner filed a letter on January 7, 2026, stating that he consents to the transfer of this case to the District of New Jersey. Dkt. No. 7. The letter also makes two requests: (1) that "the Clerk of Court be directed to transfer the case immediately, waiving the waiting period under Local Civil Rule 83.1;" and (2) that this Court order United States Immigration and Customs Enforcement ("ICE") "to schedule, as soon as possible, a legal call between [Petitioner and his counsel]." Dkt. No. 7.

1

First, transfer of the case to the District of New Jersey is proper. It is well established that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Ozturk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The district of confinement is the district in which the petitioner is physically present at the time that a habeas petition is filed. *Golding v. Sessions*, No. 18-CV-3036 (RJS), 2018 WL 6444400, at *1 (S.D.N.Y. Dec. 6, 2018). Here, there is no dispute that the district of confinement is the District of New Jersey.

Second, an exception to Local Civil Rule 83.1 is appropriate and within this Court's authority to grant.

Third, this Court leaves it to the District Court for the District of New Jersey to consider any requests by Petitioner to compel action by ICE staff at the Delaney Hall Detention Facility. For its part, this Court can and does direct AUSA Waterman, as counsel to the Government, to assist in facilitating the requested legal call.

Accordingly, it is hereby ORDERED that:

1. The Clerk of Court is respectfully directed to transfer this matter to the District Court for the District of New Jersey forthwith. The hearing scheduled for January 13, 2026, is cancelled. Consistent with the Petitioner's request, the Clerk of Court is further respectfully directed to transfer this matter immediately, without regard for Local Civil Rule 83.1.

2. The Office of the United States Attorney for the Southern District of New York is directed to make all reasonable efforts to facilitate a legal call between Petitioner and his counsel, to take place as soon as practicable.

3. To ensure that Petitioner has an opportunity to have this Petition considered by the District of New Jersey, and to preserve the status quo, the Court ENJOINS the Government from removing Petitioner from the District of New Jersey or from the United States unless and until the transferee Court orders otherwise. *See Saamishvili v. Flanagan*, No. 25-CV-09181 (ER), 2025 WL 3090134, at *1 (S.D.N.Y. Nov. 5, 2025).

Dated: January 8, 2026
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

3